IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN PATRICK CULLEN                                                                                         PLAINTIFF

v.                                         Civil No. 6:23-cv-06014-SOH-MEF

KATHI JO BRINKLEY (Owner/Agent                                                                     DEFENDANTS
Allstate Insurance Company);
KATIE ELIZABETH KNIGHT KEWAK
(Agent, Allstate Insurance Company); and
SHANA ALEXANDER (Deputy Prosecuting
Attorney, Garland County Arkansas)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I.      BACKGROUND

Plaintiff filed his Complaint on February 10, 2023.  (EC No. 1).  Plaintiff is currently incarcerated in the Arkansas Division of Correction ("ADC") Grimes Unit.  (*Id*. at 1).  Plaintiff alleges he is incarcerated because Defendants Brinkley and Knight Kewak filed false police reports against him concerning a sexual assault, and Defendant Alexander prosecuted him despite knowing that the police reports were false.  (*Id*. at 4-11).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

Plaintiff proceeds against all Defendants in their official and individual capacities. (*Id*. at 2). He seeks compensatory and punitive damages. (*Id*. at 12).

## II.    LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.     ANALYSIS

As a preliminary matter, the Court notes that this is Plaintiff's third § 1983 case in this District concerning his conviction on February 9, 2018, in *State v. John Patrick Cullen*, Case No. 26CR-18-246, for the sexual assault of Defendant Brinkley.

Plaintiff brought Case No. 5:21-cv-05220 against Allstate Insurance Company, Kathi Jo Brinkley, and Katie E. Knight, attempting to appeal a state court judgment dismissing his case in Arkansas state civil case *Cullen v. Allstate Ins. Co., Kathi Jo Brinkley, and Katie Knight,* CV-20-688.  Plaintiff had alleged in state court that the defendants had filed false reports which resulted in his arrest for multiple charges, and conviction for second-degree sexual assault.  Plaintiff brought claims for "slander, libel, defamation, public humiliation, false imprisonment, pain and suffering, and mental anguish."  The Arkansas circuit court dismissed the case, and the Arkansas court of appeals affirmed the dismissal.  In this District, Plaintiff's claims were barred by the *Rooker-Feldman* doctrine.  (5:21-cv-05220, ECF No. 11).

Plaintiff brought Case No. 6:21-cv-06160 against Detective Jarrett Cantrell, Hot Springs City Administrator Billy Joe Burrough, Jr., and Hot Spring Chief of Police Chris Chapmond, alleging they had failed to properly investigate the report that Plaintiff had sexually assaulted Kathi Jo Brinkley on February 9, 2018.  These claims were barred by the *Heck* doctrine, and Plaintiff's case was dismissed on November 14, 2022.  (6:21-cv-06160, ECF No. 66).

### A.     Plaintiff's Claims are Barred by the *Heck* Doctrine

Likewise, Plaintiff's claims in this case are also subject to dismissal.  First, as Plaintiff was advised in Case No. 6:21-cv-06160, any § 1983 claims which would render invalid his conviction or sentence in *State v. John Patrick Cullen*, Case No. 26CR-18-246, are barred by the *Heck* doctrine.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for

damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

Here, Plaintiff alleges that Defendants Brinkley and Knight Kewak provided false statements to the police, and that Defendant Alexander prosecuted him knowing those statements were false. Those claims challenge the validity of his conviction and sentence. Plaintiff pleaded *nolo contendere* to the sexual assault charge in Case No. 26CR-18-246. Plaintiff has not alleged that this conviction has been reversed, expunged, declared invalid, or called into question by a federal court with a writ of habeas corpus. A review of Plaintiff's state court docket for the case indicates the conviction still stands. As such, Plaintiff's claims against all Defendants are *Heck*-barred, and summary dismissal of this case is appropriate.

### B.   Defendants Brinkley and Knight Kewak

Second, based on Plaintiff's allegations, Defendants Brinkley and Knight Kewak were not state actors. "Section 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A private individual or entity who reports a crime, provides information to the police, responds to questions by the police, and is a potential witness for the prosecution does not act under color of law. *See Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009). The mere invocation of state legal procedures does not constitute state action. *Wickersham v. City of*

*Columbia*, 481 F.3d 591, 598 (8th Cir. 2007) ("[T]he mere invocation of state legal procedures, including police assistance, does not convert a private party into a state actor"); *Steele v. City of Bemidji*, 257 F.3d 902, 906 (8th Cir. 2001) ("We reject Steele's argument that the mall is a state actor insofar as it reported Steele's activities to the police"); *see also Benavidez v. Gunnell*, 772 F.2d 615, 618 (10th Cir. 1983) ("We know of no case in which the report of a state crime is action under color of state law under § 1983. The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under §§ 1983 or 1985"); *Carter v. Davis*, No. 7:19-cv-5011, 2020 WL 1848254, at *6 (D. Neb. Apr. 13, 2020) ("All Plaintiff alleges is Stamm filed a false police report and continued to harass him in furtherance of a conspiracy with other Defendants. These allegations at best describe a private cause of action for defamation but do not provide a clear set of facts establishing that constitutionally protected federal right was present and therefore violated").

Here, Plaintiff alleges that Defendants Brinkley and Knight Kewak filed false police reports against him. Nothing in these allegations permits the inference that they were state actors. "[P]rivate conduct, no matter how egregious, discriminatory, or harmful, is beyond the reach of § 1983." *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007).

### C.     Defendant Alexander

Third, as a prosecuting attorney, Defendant Alexander is immune from suit under § 1983. A prosecutor is absolutely immune from suit for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute prosecutorial immunity protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation. *Id.* at 428. This is true no matter the underlying motive of the prosecutor or the propriety of the actions

taken. *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987) (finding that allegations that a prosecutor proceeded with a prosecution based on an improper motive did not defeat absolute prosecutorial immunity); *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Actions connected with initiation of prosecution, even if those actions are patently improper are immunized" (internal quotation omitted)). "[A] prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony . . . or withheld or suppressed exculpatory evidence." *Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (cleaned up).

## IV.    CONCLUSION

For these reasons, it is RECOMMENDED that:

1. the case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2. Plaintiff is warned that, in the future, this dismissal may be counted as a strike[2] for purposes of 28 U.S.C. § 1915(g), and thus, the Clerk be DIRECTED to place a § 1915(g) strike flag on the case for future judicial consideration.  And,

3. the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

---

[2] Dismissal under *Heck* is for failure to state a claim; the fact that the court provided additional reasons for dismissal of some parties based on immunity does not prevent the dismissal from being counted as a strike. *See Castillo-Alvarez v. Krukow*, 768 F.3d 1219, 1220 (8th Cir. 2014); *Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *Stewart v. Freddie*, 6:14-CV-06143, 2016 WL 5403099, at *4 (W.D. Ark. May 24, 2016), *report and recommendation adopted sub nom. Stewart v. Otts*, 2:14-CV-06143, 2016 WL 5417207 (W.D. Ark. Sept. 26, 2016).

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of February 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE